IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW DMITRI RICHARDSON,<br><br>*Defendant*. | Criminal No. 1:20-cr-126<br><br>The Honorable Leonie M. Brinkema<br><br>Sentencing: November 16, 2021 |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, by and through its undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines"), files this Position of the United States with respect to sentencing. The defendant is before the Court for sentencing after his conviction for injuring personal property, in violation of 18 U.S.C. § 1363. The United States respectfully requests that the Court sentence the defendant to 37 months' imprisonment, the low-end of the Guidelines range. Such a sentence is sufficient, but not greater than necessary, to address the 18 U.S.C. § 3553(a) factors, and, in particular, acknowledge the defendant's history and characteristics, the need for medical treatment, and to protect the public from further crimes of the defendant.

**I.    BACKGROUND**

The defendant walked on to the Pentagon Reservation at about 10:04 a.m. on February 24, 2020. ECF No. 60 ("PSR"), at ¶ 11. About 15 minutes later, he walked up to a construction contractor and asked for a cigarette or lighter. *Id*. The contractor provided him with a lighter and the defendant walked away. *Id*. Around 10:55 a.m., the defendant attempted to ignite the fuel tank of a vehicle parked in a Pentagon parking lot and blow up the vehicle. *Id*.

1

Fortunately, a Pentagon Force Protection Agency officer on routine patrol noticed smoke in the area and investigated further. *Id*. As he moved closer, the officer saw the defendant attempting to ignite fabric that he had inserted into the vehicle's fuel tank. *Id*. The officer identified himself; in response, the defendant said that he was trying to "blow this vehicle up" and "himself." *Id*. The officer ordered the defendant to stop and attempted to detain him, but the defendant fled. *Id*. He was captured about 80 minutes later at Arlington National Cemetery. *Id*. at ¶ 12. The defendant told arresting officers that, "I was just trying to blow myself up." *Id*.

The defendant has remained in custody since his arrest on February 24, 2020. *Id*. at ¶¶ 1, 10, 12–13. He pled not guilty to a superseding indictment and consented to a bench trial before the Court. *Id*. at ¶¶ 3–4. On October 13, 2020, the Court found the defendant guilty and continued this matter for sentencing. *Id*. at ¶ 4. Approximately two months later, the Court ordered that the defendant undergo a mental evaluation pursuant to 18 U.S.C. § 4241(d). *Id*. at ¶ 5. After the defendant was evaluated at FMC Butner, the Court found that the defendant was competent and sentencing could proceed. *Id*. at ¶¶ 5–6, 84.

## II.    STANDARDS GOVERNING SENTENCING

The standards governing sentencing are well established. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Guidelines purely advisory, and emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264; *see also United States v. Kimbrough*, 552 U.S. 85 (2007).

That the Guidelines are non-binding, however, does not render them irrelevant to the imposition of an appropriate sentence. In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court instructed that the sentencing court should calculate the sentencing Guidelines range, permit the United States and the defendant "an opportunity to argue for whatever sentence they deem

appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 49–50.

## III. SENTENCING GUIDELINES

### A. Offense Level

The Base Offense Level for the defendant's injury to personal property, in violation of 18 U.S.C. § 1363, is 20. PSR at ¶ 23; U.S.S.G. § 2K1.4(a)(2). There are no adjustments to this Base Offense Level. *Id.* at ¶¶ 24–30, 102.

### B. Criminal History Category

The defendant has two prior convictions, which occurred in the same proceeding in 2019. *Id.* at ¶ 35. There, he was convicted of theft and underage possession of alcohol, and was sentenced to ten days' suspended incarceration, a fine, and probation. *Id.* This results in a single criminal history point. *Id.* The defendant receives two additional criminal history points, however, because he was on probation for those offenses when he committed the instant offense. *Id.* at ¶ 37; U.S.S.G. § 4A1.1(d). A total of three criminal history points results in a Criminal History Category of II. *Id.* at ¶¶ 38, 103; U.S.S.G. Ch. 5, Pt. A.

### C. Applicable Guidelines Range

Accordingly, the applicable Guidelines range is 37 to 46 months. *Id.* at 23; U.S.S.G. Ch. 5, Pt. A.

## IV. CONSIDERATION OF THE 18 U.S.C. § 3553(a) FACTORS

The nature and circumstances of the offense, defendant's history and characteristics, the necessity for medical care, and the need to protect the public from further crimes of the defendant all demonstrate that a sentence of 37 months' imprisonment is sufficient, but not greater than necessary, to address the 18 U.S.C. § 3553(a) factors.

A. <u>Nature and Circumstances of the Offense; History and Characteristics of the Defendant</u>

The defendant was born in Russia in 2000 and placed into an orphanage shortly after his birth. *Id*. at ¶¶ 46, 49. At two years old, he was adopted by a family in Arkansas. *Id*. at ¶ 49. But, at the age of 12, the defendant's adoptive family relinquished custody and the state assumed care for him. *Id*. Thereafter, the defendant lived in foster homes and residential facilities. *Id*. at ¶ 50.

The defendant has significant physical and mental health issues. It appears that he was exposed to alcohol while in utero. *Id*. at ¶ 49. During childhood, he was diagnosed with Fetal Alcohol Spectrum Disorder, Reactive Detachment Disorder, and Attention Deficit Hyperactivity Disorder. *Id*. at ¶ 61. From an early age, he exhibited behavioral issues, which increased in defiance and violence. *Id*. By 9 years old, the defendant continuously lied to his adoptive parents and stole items from family, friends, and a school counselor. *Id*. He also destroyed property around his home. *Id*. The defendant's adoptive parents and siblings also feared that the defendant would hurt them physically. *Id*. at ¶¶ 32, 54 (threatening to kill his brother and his entire family at age 11), ¶¶ 53, 63 (assaulting his sister and threatening her at age 11); ¶ 60 (describing being expelled for aggressive and violent behavior sometime between ages 7 and 10). He also exhibited violence towards others outside his family. *Id*. at ¶ 34 (relating that, at age 17, he attempted to strike someone after a verbal argument); ¶ 35 (kicking a police officer after he was detained for shoplifting at the age of 18); ¶ 42 (resisting officers by punching and kicking them at age 19).[1]

The defendant alleges that he was also the victim of physical abuse as a child. *Id*. at ¶¶ 57, 59, 60.

---

[1] The defendant was arrested for assaulting those officers on February 22, 2020. PSR at ¶ 32. He was released from custody on those charges at around 9:00 a.m. on February 24, 2020. *Id*. He walked on to the Pentagon Reservation about 64 minutes later and then committed the instant offense. *Id*. at ¶ 10.

> B. <u>The Need for the Sentence to Reflect the Seriousness of the Offense, Afford Adequate Deterrence, Protect the Public from the Defendant, and Provide the Defendant with Education and Treatment</u>

The defendant's crime is undoubtably serious. He attempted to blow up a vehicle in a parking lot outside of the Pentagon. Had he successfully ignited the vehicle's fuel tank, the damage would have been catastrophic. While the Court must impose a sentence that reflects the seriousness of this crime, the most compelling need here is to address the defendant's mental health. The defendant suffers from extremely serious mental and physical concerns. During the pendency of this case, the defendant was diagnosed with schizophrenia, drug use disorders, neurodevelopmental disorders, and language disorder. *Id*. at ¶ 84. He has been prescribed psychiatric medications to treat some of these conditions. *Id*. Frequently, however, he has refused to take this medication, even in the restrictive setting of the mental health unit at the Alexandria Jail. *Id*. at ¶¶ 85–89. For the 49 days between September 16, 2021 and November 3, 2021, the defendant refused to take his medication 33 times.[2] When the defendant does not take his medication, it threatens his safety and the safety of others. *Id*. at ¶ 84. And, so long as he refuses medication, the likelihood of him reoffending and hurting others physically remains high. To protect the public from the defendant and allow him to receive the treatment he so desperately needs, he should be committed to a Bureau of Prisons' mental health facility to serve a 37 month sentence. This is not to say that the defendant should be incarcerated further *because* of his mental illness. Rather, the defendant's mental illness informs what the necessary sentence should be under §§ 3553(a)(2)(C) and (D).

---

[2] Likewise, records indicate that in the year before the defendant committed the instant offense, he did not take his medication. *Id*. at ¶ 81.

5

C. Available Sentences

The statutory penalties for the defendant's crimes, in addition to a special assessment, are:

- 0–5 years' imprisonment
- maximum fine of $250,000
- 0–3 years' supervised release

18 U.S.C. §§ 1363, 18 U.S.C. § 3583(b).

D. Guidelines Range and Types of Sentences

The applicable Guidelines range is 37 to 46 months. U.S.S.G. Ch. 5, Pt. A. This sentence is within Zone D of the Guidelines. *Id*. Accordingly, the Guidelines do not authorize a period of probation. U.S.S.G. § 5B1.1, n.2.[3]

E. The Need to Avoid Unwarranted Sentencing Disparities

The requested sentence will avoid unwarranted sentencing disparities. The Guidelines ensure that defendants who have committed similar crimes and have similar criminal records will receive roughly similar sentences, regardless of the district and courtroom in which they are sentenced. *See* 18 U.S.C. § 3553(a)(6); *see also Gall* 552 U.S. at 46 (noting that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Accordingly, the requested sentence, within the Guidelines range, will avoid unwarranted sentencing disparities.

F. Restitution

The United States respectfully requests that the Court order the defendant to pay restitution of $3,390.09. *Id*. at ¶¶ 18–19.

---

[3] Probation is, however, permitted under the United States Code. 18 U.S.C. § 3561.

## **CONCLUSION**

For the foregoing reasons, the United States submits that a sentence of 37 months' imprisonment is sufficient, but not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a), and asks the Court to impose that sentence. The defendant's prison sentence should be followed by a term of supervised release with intensive conditions.

        Respectfully submitted,

        JESSICA D. ABER
        United States Attorney

By:         /s/
        Paul Embroski
        Special Assistant United States Attorney
        Marc J. Birnbaum
        Assistant United States Attorney
        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Avenue
        Alexandria, Virginia 22314
        Phone: (703) 299-3700
        Email: marc.birnbaum@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2021, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this matter.

I further certify that on this same date, I emailed a copy of the foregoing to the United States Probation Officer assigned to this matter:

Rachel E. Meyer
United States Probation Officer
Albert V. Bryan United States Courthouse
401 Courthouse Square, 3rd Floor
Alexandria, Virginia 22314
rachel_meyer@vaep.uscourts.gov

                By:               /s/
                     Marc J. Birnbaum
                     Assistant United States Attorney
                     United States Attorney's Office
                     Eastern District of Virginia
                     2100 Jamieson Avenue
                     Alexandria, Virginia 22314
                     Phone: (703) 299-3700
                     Email: marc.birnbaum@usdoj.gov